```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


CARLTON WAYNE SOLTON, JR.,

                     Plaintiff,

          v.                             CASE NO. 16-3236-SAC-DJW

GEARY COUNTY, et al.,

                     Defendants.
```

## O R D E R

This matter is a civil action filed by a pretrial detainee held at the Geary County Detention Center. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff names Geary County, Kansas, as the sole defendant. He claims broadly of being arrested on "bogus charges", misrepresented by appointed attorneys, prosecuted by attorneys who uphold faulty affidavits and withhold evidence, and bound over for trial by judges when that decision is not supported by evidence.

As relief, he asks that his innocence be proven, and that he be provided psychiatric counseling and awarded monetary damages as compensation for mental suffering and false imprisonment.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Discussion*

Plaintiff's challenge to the validity of the pending state criminal proceeding sounds in habeas corpus, and the Court liberally construes this matter as a petition arising under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 427 F.3d 1227, 1235 (10th Cir. 1997)(stating that Section 2241 applies to challenges to pretrial detention).

Section 2241 allows the federal courts to consider pretrial habeas corpus actions; however, it is settled that the federal courts should abstain from such review if the claims presented in a pretrial petition may be resolved by the state trial or other procedures available under state law. *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993).

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not intervene in state criminal proceedings brought prior to the commencement of the federal petition when those proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to present federal constitutional claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

An exception to this rule of abstention is available "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps

in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). *See also Younger*, 401 U.S. at 54 (recognizing an exception upon a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief").

The Court finds the *Younger* factors are met here. First, petitioner is the subject of a pending state criminal action filed before petitioner commenced this action. Next, the prosecution of one accused of violating state law clearly implicates an important state interest. *See Hicks v. Miranda*, 422 U.S. 332, 349 (9175). Third, the Kansas state courts provide petitioner with an adequate forum to present his challenges concerning the case against him. Finally, petitioner's bare allegations do not show any extraordinary circumstances that warrant federal court intervention at this stage.

Accordingly, the Court concludes abstention is required in this matter and will dismiss the matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a petition for habeas corpus brought under 28 U.S.C. §2241 and is dismissed without prejudice.

IT IS FURTHER ORDERED the motion to proceed in forma pauperis (Doc. #2) is granted.

**IT IS SO ORDERED**.

DATED:  This 22nd day of December, 2016, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge